# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2682 | **DATE** | 9/18/2003 |
| **CASE TITLE** | Central States, Southeast and Southwest Areas Pension Fund, et. al. vs. The Kroger C[o] | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nat[ure] of the motion being presented.]

Central States' Motion for Reconsideration of Portions of Summary Judgment Finding [91-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Order and Opinion, th[e] Court will not revise its ruling that all claims arising before June 18, 1983 are time-barred [91-1]. [doc# 91-1] Motion for Reconsideration is Denied and terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 19 2003 | |
| | Notified counsel by telephone. | | date docketed | 93 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 03 SEP 18 PM 3:2[ ] U.S. DISTRICT COURT CLERK | date mailed notice | |
| | Date/time received in Central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
)
and )
)
CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS HEALTH AND )
WELFARE FUND, and HOWARD )
McDOUGALL, trustee )
)
Plaintiffs, )
) No. 01 C 2682
v. )
) HONORABLE DAVID H. COAR
THE KROGER CO., an Ohio Corporation, )
)
Defendant. )

**DOCKETED SEP 1 9 2003**

## MEMORANDUM OPINION AND ORDER

Central States, Southeast and Southwest Areas Pension Fund and the Central States, Southeast and Southwest Areas Health and Welfare Fund (collectively referred to as "Central

-1-



States" or individually referred to as the "Pension Fund" or the "Health and Welfare Fund") brought an action under § 515 of ERISA, 29 U.S.C. § 1145, to collect contributions allegedly owed by the Kroger Co. ("Kroger") to Central States. The parties filed cross motions for summary judgment, and on August 11, 2003, this Court issued an opinion granting Central States' summary judgment motion in part and denying it in part, and granting Kroger's summary judgment motion in part and denying it in part. Before this Court is Central States' motion requesting that the Court reconsider its ruling that all claims arising before June 18, 1983 are time-barred. After considering Central States' arguments, and for the following reasons, the Court will not revise its ruling that all claims arising prior to June 18, 1983 are time-barred.

Standard for Reconsideration

Motions for reconsideration should be granted " to correct manifest errors of law or fact or to present newly discovered evidence." Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd., 736 F.2d 388 (7th Cir. 1984). A motion of reconsideration shall be granted only if the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issues to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990), citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

## Discussion

Central States claims that the Court misapplied Seventh Circuit precedent when it determined the applicable statute of limitations by using Illinois' 10 year statute of limitations for contracts, which, in conjunction with the June 18, 1993 tolling agreement between the parties, barred all claims arising before June 18, 1983. Central States argues that the controlling standard should be Cada v. Baxter Healthcare Co., 290 F.2d 446. In Cada, the Seventh Circuit provided the standard for determining the statue of limitations in federal question cases (even in those federal question cases where the statute of limitations is borrowed from state law). The statute of limitations does not begin to "accrue" until the plaintiff discovers that he has been injured (the "discovery rule"). Id. at 446. Central States claims that it neither knew nor should have known about Kroger's non-payment of contributions prior to the early 1990's; therefore, no part of Central States' claim should be barred by the statute of limitations. The discovery rule is applicable to circumstances such as Central States, where its injuries were not discoverable at the time of their occurrence. However, this Court also ruled that a lack of evidence precludes the Court from determining liability prior to 1983.

Consequently, Central States argues that the Court's conclusion that there is a lack of evidence to determine liability prior to June 18, 1983 should be reconsidered. In its Motion for Reconsideration, Central States, for the first time, points to evidence which allegedly establishes Kroger's liability prior to 1983. Central States argues that this Court went outside the adversarial issues presented to the Court in reaching the conclusion that there is a lack of evidence to determine liability prior to 1983. This assertion by Central States is erroneous, as it was crucial

for this Court to determine the time frame of Kroger's liability, in order to properly ascertain the extent of Kroger's liability. It was the parties' responsibility to present evidence that would enable the Court to determine the extent of Kroger's liability for a particular year or time frame. This Court cannot hold Kroger liable for time periods where there is insufficient evidence to determine liability. It was the responsibility of Central States to illuminate evidence proving Kroger's liability prior to 1983 during the disposition of the parties' cross motions for summary judgment, not during the disposition of this Motion for Reconsideration. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or matters that could have been heard during the pendency of the previous motion." Caisse National de Credit Argicole v. CBI Indus., 90 F.3d 1264 citing In Re Oil Spill, 794 F.Supp. 261, 267 (N.D. Ill. 1992) aff'd., 4 F.3d 997 (7th Cir. 1993) (citing Publishers Resources v. Walker-Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985)).

Finally, in its Motion for Reconsideration, Central States requests that the Court modify its ruling to indicate that only claims arising prior to June 1, 1983 (not June 15, 1983) are time-barred, because Kroger's contribution payment for the month of June 1983 (including June 1 through June 17, 1983) was not due until July 15, 1983. However, in ruling on the parties' cross motions for summary judgment, the Court reviewed all briefs submitted by the parties in order to determine that all claims arising prior to June 18, 1983 are time-barred. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Keene, 561 F.Supp. at 665-66. Central States has not provided the Court with any facts or evidence that the Court did not have at its disposal during the disposition of the parties' cross motions for summary judgment. Therefore, the Court will not amend its

-4-

ruling to indicate that only claims arising prior to June 1, 1983 are time-barred.

For the foregoing reasons, this Court will not revise its ruling that all claims arising before June 18, 1983 are time-barred.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: September 18, 2003